UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARD GLADYSHEV; NYCHA CORP,

                            Plaintiffs,

            -against-

JOSEPHINA SHEA; JOHN DOE;
BRANDPROTECTION.ORG,

                            Defendants.

20-CV-4085 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that Defendants violated his rights under 18 U.S.C. § 257.[1] The Court dismisses the action for the reasons set forth below, but grants Plaintiff thirty days' leave to replead.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

---

[1] Plaintiff filed this action without the filing fees or a completed and signed request to proceed without payment of fees, that is, *in forma pauperis* (IFP). By order dated June 1, 2020, Chief Judge McMahon directed Plaintiff to pay the filing fees or submit a completed and signed IFP application within thirty days of the date of that order. Plaintiff paid the filing fees on June 11, 2020.

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the

elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the Court's general complaint form and invokes the Court's federal question

jurisdiction. The complaint, however, is not the model of clarity, and it is unclear what Plaintiff

alleges that Defendants did or failed to do that violated Plaintiff's rights. Plaintiff alleges

Defendants submitted a false claim, in violation of 18 U.S.C. § 287, that injured Plaintiff and his

company. He names as Defendants Josephine Shea, an unspecified "John Doe," and

brandprotection.org.[2]

The following facts are taken from the complaint. On March 30, 2020, Defendant "filed a

false patent infringement claim with Amazon.com on behalf of another entity." (ECF No. 1, at 5)

---

[2] Plaintiff does not provide addresses or any other identifying information for
Defendants. He also does not attribute specific actions or inactions to a particular Defendant in
the body of his complaint, but instead attributes actions to "the Defendant." (ECF No. 1, at 5)

Plaintiff conducted an "investigation" and found Defendant did not have authorization from that entity to "enforce any intellectual rights on their behalf." (*Id.*) Defendant's "malicious act . . . caused severe damage to our business in [the] form of lost sales, lost inventory, legal fees, as well as potential suspension of our Amazon.com seller account." (*Id.*) Plaintiff seeks money damages.

## DISCUSSION

### A.    Claims on behalf of NYHA Corp.

NYHA Corp. is also listed as a Plaintiff in the caption of the complaint, which is signed only by Plaintiff Gladyshev. Corporations, partnerships and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed pro se). Moreover, as a pro se litigant, Plaintiff Gladyshev cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Plaintiff Gladyshev may not appear *pro se* on behalf of NYHA Corp.

### B.    18 U.S.C. § 287 and Rule 8 of the Federal Rules of Civil Procedure

Plaintiff asserts a violation of 18 U.S.C. § 287, a provision of the United States Criminal Code that criminalizes false claims presented to officers or agencies of the United States. However, individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." *Wright v. Waterside Plaza LLC,* 2008 WL 872281, at *2

(S.D.N.Y. Apr. 2, 2008) (citing *Chrysler Corp. v. Ash,* 441 U.S. 281, 316 (1979)). Therefore,

Plaintiff cannot bring a claim under the criminal statute he cites because the statute does not

provide a private right of action. *See Muhammad v. Dep't of Navy*, No. 14-CV-1290 SLT, 2014

WL 1330902, at *6 (E.D.N.Y. Apr. 1, 2014) (finding no private right of action under § 287). And

the facts as alleged, even when construed liberally, are too bare to plausibly suggest any other

claim for relief. Therefore, Plaintiff fails to state a claim upon which relief can be granted. 28

U.S.C. § 1915(e)(2)(B)(ii).

### C.      Personal Jurisdiction

Even if Plaintiff did state claim for relief, it is not clear this Court has personal

jurisdiction over Defendants. The plaintiff bears the burden of establishing jurisdiction and must

make a *prima facie* showing that jurisdiction exists. *See Jonas v. Estate of Leven*, 116 F. Supp. 3d

314, 323 (S.D.N.Y. July 27, 2015) (citing *Penguin Grp. (USA) Inc. v. Buddha*, 609 F.3d 30, 34-

35 (2d Cir. 2010)). "Such a showing entails making legally sufficient allegations of jurisdiction,

including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the

defendant." *Id.* at 35. The plaintiff must also "establish the court's jurisdiction with respect to

each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction

over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571

U.S. 117, 125 (2014)). The Court therefore must look to New York law to evaluate whether it

may exercise personal jurisdiction over Defendants.

Pursuant to N.Y. C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is

domiciled in New York, served with process in New York, or continuously and systematically

does business in New York. *See Jonas*, 116 F. Supp. 3d at 323. In addition, a defendant may be

subject to New York's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts

either in person or through an agent and such acts relate to an asserted claim: (1) transacts any

business within the state or contracts anywhere to supply goods or services in the state;

(2) commits a tortious act within the state; (3) commits a tortious act outside the state but injuries

a person or property in the state; or (4) owns, uses, or possesses any real property in the state. *See*

N.Y. C.P.L.R. § 302(a).

Plaintiff does not allege facts sufficient for this Court to exercise personal jurisdiction

over Defendants. He does not allege that Defendants are domiciled or are continuously and

systematically doing business in New York. Moreover, Plaintiff states that the actions giving rise

to his claim occurred in Seattle, Washington, and he does not allege his injury resulted from

tortious action. He therefore fails to demonstrate that Defendants are subject to New York's long-

arm statute.

### D.     Venue

It also does not appear that venue for Plaintiff's claims would be proper in this Court.

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred ...; or
> (3) if there is no district in which an action may otherwise be brought as provided
> in this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial

district in which such defendant is subject to the court's personal jurisdiction with respect to the

civil action in question." § 1391(c)(2).

Plaintiff asserts that the events that are the basis for his claim occurred in Seattle,

Washington. (ECF No. 1, at 5) Plaintiff does not provide addresses for any Defendants and states

that he resides in Kings County, which is in the Eastern District of New York. Because Plaintiff does not allege that he or Defendants reside in this District, and because he does not provide facts to suggest that a substantial part of the events underlying his claim arose in this District, even if Plaintiff were able to assert a viable claim, venue does not appear to be proper in this Court.

## LEAVE TO REPLEAD

The Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff is proceeding *pro se*, and the nature and viability of his claim are not clear, the Court grants Plaintiff thirty days' leave to replead to allege any facts stating a claim upon which relief may be granted.

In the event that Plaintiff chooses to file an amended complaint, he must demonstrate that venue is proper in this Court and that this Court has personal jurisdiction over Defendants. Additionally, Plaintiff must also tell this Court who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

If Plaintiff chooses to amend his complaint, he must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4085 (LLS). An Amended Complaint form is attached to this order.

If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:   July 28, 2020
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                            State                    Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.